**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>*ex rel.* BRENDA L. SHARP, )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>EASTERN OKLAHOMA ORTHOPEDIC )<br>CENTER, )<br>)<br>**Defendant.** ) | Case No. 05-CV-572-TCK-TLW |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Amend the Pleadings or, In the Alternative, To Conform the Pleadings to the Evidence (the "Motion") (Docs. 338 and 339), wherein Plaintiff seeks leave to add an additional theory of fraud to her case or, in the alternative, to conform the pleadings to the evidence to reflect such theory.

**I.     Factual Background**

Brenda Sharp ("Relator") filed this qui tam action on behalf of the United States of America pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et. seq.*, against Defendant Eastern Oklahoma Orthopedic Center ("EOOC").[1] Relator filed the First Amended Complaint (Doc. 36) on May 30, 2008. In the First Amended Complaint, Relator asserts five causes of action: (1) presentation of false claims to the government, in violation of 31 U.S.C. § 3729(a)(1); (2) making or using a false record or statement to get a false claim paid or approved by the government, in violation of 31 U.S.C. § 3729(a)(2); (3) making or using a false record or statement to conceal, avoid,

---

[1] The FCA authorizes private citizens to assert FCA claims on behalf of the United States. 31 U.S.C. § 3730(b). These actions are known as qui tam actions, with the private citizen or "relator" acting "for the person and for the United States government against the alleged false claimant." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 706 n.3 (10th Cir. 2006) (internal quotation marks omitted).

or decrease an obligation to pay the government, in violation of 31 U.S.C. § 3729(a)(7); (4) violating Medicare's "anti-kickback" provision set forth at 42 U.S.C. § 1320(a)-7b(b); and (5) retaliatory discharge.[2] On February 27, 2009, the Court issued an Opinion and Order (Doc. 56) granting in part and denying in part EOOC's Motion to Dismiss the First Amended Complaint (Doc. 43). The Opinion and Order dismissed Relator's claim for violation of Medicare's anti-kickback provision, leaving only Relator's claims for violations of the FCA and retaliatory discharge.

In the First Amended Complaint, Relator alleges that EOOC violated the FCA by "upcoding" pre-operation visits that lasted less than five minutes.[3] (FAC ¶ 23.) Specifically, Relator alleges these visits were improperly billed to Medicare as code 99214 or 99215, which were higher billing codes than were justified by the time spent.[4] (*Id.* ¶ 23(a)-(g).) Relator now seeks leave to amend to allege an additional violation of the FCA. In particular, Relator contends that EOOC violated the FCA by submitting claims to Medicare without including appropriate ICD-9-CM codes for preoperative visits (the "V-code claim"). Alternatively, Relator requests the Court conform the

---

[2] Relator voluntarily dismissed her state law claims, which comprised the fifth, sixth, seventh, and eighth causes of action in the First Amended Complaint. (*See* Resp. to Def.'s Mot. to Dismiss at 37-38 (Doc. 47)).

[3] "Upcoding" refers to "the practice of billing Medicare for services or equipment designated under a code that is more expensive than what a patient actually needed or was provided." *United States ex rel. Bledsoe v. Cmty Health Sys.*, 501 F.3d 593, 498 n.2 (6th Cir. 2007) (internal quotation marks omitted).

[4] "Codes," as used throughout this Order, refers to certain numerical and alphabetical designations assigned to patient visits by the American Medical Association ("AMA"). According to the AMA Evaluation and Management Services Guide, "[w]hen billing for a patient's visit, codes are selected that best represent the services furnished during the visit." (Evaluation & Mgmt. Servs. Guide, Ex. 3 to Br. in Support of Motion to Dismiss at 10 (Doc. 44-3).) "The two common sets of codes used are: Diagnostic or International Classification of Diseases, 9th Revision, Clinical Modification codes [ICD-9-CM]; and Procedural or American Medical Association Current Procedural Terminology Codes [CPT codes]." (*Id.*)

pleadings to reflect the V-code claim, arguing that EOOC has impliedly consented to inclusion of such claim.

## II.     Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave [to amend] when justice so requires." District courts have wide discretion to allow amendment "in the interest of a just, fair, or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). District courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir.) (quotation omitted). EOOC asserts three grounds for denying leave to amend under Rule 15(a)(2): (1) undue delay, (2) futility, and (3) undue prejudice.

### A.     Undue Delay

The timeliness issue presented under Rule 15(a)(2) is whether Relator's delay in seeking amendment was "undue." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). "The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* To determine whether a delay is "undue," the Tenth Circuit focuses primarily on the reasons for the delay. *Id.* Denial of leave to amend is appropriate where the moving party lacks an adequate explanation for the delay or fails to demonstrate excusable neglect. *Id.* "[C]ourts have denied leave to amend where the moving party was aware of the facts on which the

3

amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

Relator's delay in seeking amendment was "undue" for purposes of Rule 15(a). First, the delay in seeking amendment was significant in relation to the overall progress of this litigation. Relator filed the First Amended Complaint on May 30, 2008. The Court's Scheduling Orders (Docs. 58 and 163) established April 9, 2009, as the deadline for all amendments to the pleadings and required discovery to be completed by February 29, 2012. Relator did not file this Motion until September 7, 2012, nearly seventeen months after the deadline for amendments to the pleadings and six months after the deadline for discovery.

Second, Relator has not provided an adequate explanation for the untimeliness of her motion or demonstrated excusable neglect. Relator has not asserted that she recently discovered evidence giving rise to the V-code claim. Instead, in her Motion, Relator concedes that she learned of the facts underlying the V-code claim at least two years before she sought amendment. (See Mot. to Amend at 3 ("The V code component of the preoperative visit claim first came to light when Plaintiff reviewed the documents responsive to her CPT up-coding claim.").) Such documents apparently were produced in late 2009 and 2010. (Def.'s Resp. to Mot. to Amend at 33.) In her deposition, Relator acknowledges that she did not have an adequate explanation for waiting to amend:

> Q. My question was: When did you decide you should add the V code allegation to the lawsuit? That's my only question right now.
> A. On this document [Relator's responses to certain interrogatories]. I knew about it, but I added in [sic] on the final document.
> Q. Why did you wait until you served these interrogatories [sic] documents if you knew about it?
> A. I don't know.

(Depo. of Brenda Sharp, Ex. 8 to Def.'s Brief in Supp. of Mot. for Summ. J. at 456:20-457:2.) Because Relator unduly delayed in requesting amendment, the Court need not consider whether the proposed amendment would be unduly prejudicial or futile.

Plaintiff's Motion to Amend the Pleadings (Doc. 338) is denied.

### III.     Motion to Conform

Alternatively, Relator requests to conform the pleadings to include the V-code claim. Federal Rule of Civil Procedure 15(b)(2) provides two mechanisms by which a plaintiff may amend a complaint to conform to the evidence. First, Rule 15(b) permits amendment of a complaint "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent." Fed. R. Civ. P. 15(b).[5] "A party implicitly consents to the trial of an issue not contained within the pleadings either by introducing evidence on the new issue or by failing to object when the opposing party introduces such evidence. However, implied consent cannot be based on the introduction of evidence that is relevant to an issue already in the case when there is no indication that the party presenting the evidence intended to raise a new issue." *Green Country Food Mkt. v. Bottling Group, LLC*, 371 F.3d 1275, 1280 (10th Cir. 2004) (citations omitted).

---

[5] A circuit split exists as to whether Rule 15(b) applies at the pre-trial state of litigation, and the Tenth Circuit has yet to directly address the issue. *See Ahmad v. Furlong*, 435 F.3d 1196, 1203 n.1 (10th Cir. 2006) (citing *Suiter v. Mitchell Motor Coach Sales*, 151 F.3d 1275, 1279-80 (10th Cir. 2005)). Conflicting opinions exist in the Tenth Circuit, with some decisions applying Rule 15(b) to pre-trial motions and with other decisions restricting its application to trial and post-trial motions. *Compare Faustin v. City and Cnty. of Denver, Colo.*, 423 F.3d 1192, 1196 (10th Cir. 2005) (reviewing grant of summary judgment and finding that plaintiff impliedly amended complaint pursuant to Rule 15(b)) *with Gold v. Local 7, United Food & Commercial Workers Union*, 159 F.3d 1307, 1309 n.3 (10th Cir. 1998) ("Rule 15(b) seems a totally inappropriate vehicle for a motion to amend prior to trial."), *overruled on other grounds by Styskal v. Weld Cnty.*, 365 F.3d 855, 857-58 (10th Cir. 2004). Given the uncertainty surrounding the issue, for purposes of this Opinion and Order, the Court will assume that Rule 15(b) applies at the summary judgment stage. This Court, however, agrees that Rule 15(b) is inappropriate in this context.

Relator contends that EOOC impliedly consented to the addition of the V-code claim because EOOC both conducted discovery and moved for summary judgment on the V-code claim. (Mot. to Amend at 3-7.) EOOC counters that: (1) Relator never asserted a separate V-code claim until she moved for summary judgment on such a claim in her Motion for Partial Summary Judgment; and (2) throughout the litigation, Relator has insisted that the absence of V-codes merely supported her upcoding claim and was not part of a separate claim. (Def.'s Resp. to Mot. to Amend at 9-11.)

Although V-codes have been discussed in this litigation for quite some time, EOOC routinely inquired as to Relator's intention with the V-codes and routinely objected to the introduction of a separate V-code claim. (*Id.*) During discovery, EOOC questioned Relator and other deponents to determine how the V-codes fit in with Relator's existing claims. In her deposition, Relator explicitly disavowed that she was alleging fraud based on the missing V-codes:

> Q    If - - if a claim is submitted without a V code and a V code is added and an appeal sent in and it's paid, how is that a fraud?
> A    That's not our scenario. Our scenario is that they billed coordination of care. Ours was based on time.

(Depo. of Brenda Sharp, Ex. 6 to Def.'s Resp. to Mot. to Amend at 490:22-491:2.) Because Relator continually denied that she was pursuing a separate V-code claim, EOOC did not have a fair opportunity to defend or gather evidence regarding such claim. Therefore, EOOC never consented – either explicitly or implicitly – to the addition of the V-code claim. As a result, Rule 15(b)(2) does not permit the Court to conform the pleadings to the evidence on the basis of consent.

Second, Rule 15(b) permits amendment of the pleadings where the party files a motion to amend the complaint and the non-moving party cannot demonstrate that it will be prejudiced by the amendment. Fed. R. Civ. P. 15(b). For whatever reason, Relator elected not to request amendment of the pleadings when she discovered the facts giving rise to the V-code claim or at any time during

the thirty months that followed.  Rule 15(b)(2) does not permit Relator to change her decision now that discovery has closed and dispositive motions have been filed.  If Relator desired to change her strategy, she should have requested amendment much sooner.

Finally, conforming the pleadings to reflect the V-code claim would prejudice EOOC. EOOC did not have a full opportunity to discover information about the V-code claim, particularly in light of Relator's insistence that she was not alleging a separate claim based on the V-codes. Although EOOC inquired about V-codes during depositions, EOOC did so only in the context of Relator's existing upcoding claim.

Plaintiff's Motion to Conform the Pleadings to the Evidence (Doc. 339) is denied.

### IV.    Conclusion

Plaintiff's Motion to Amend the Pleadings (Doc. 338) or, In the Alternative, To Conform the Pleadings to the Evidence (Doc. 339) is DENIED.

**ORDERED this 28th day of February, 2013.**

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**